IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| LOUISE HAYES ODUM, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION No. 3:18-cv-00193 |
| § | |
| BLUE CROSS AND BLUE SHIELD OF § | |
| TEXAS, INC. § | |
| § | |
| Defendant. § | |

## CONFIDENTIALITY STIPULATION AND
## AGREED F.R.E. 502(d) PROTECTIVE ORDER

Before the Court is the Parties' Joint Motion for Entry of Confidentiality Stipulation and Agreed F.R.E. 502(d) and Protective Order ("Protective Order"), filed on January 14, 2019. The Court determines that the motion should be and is hereby **granted**. Accordingly, pursuant to Federal Rule of Civil Procedure 26 and Federal Rule of Evidence 502, Plaintiff LOUISE HAYES ODUM ("Plaintiff") and Defendant HEALTH CARE SERVICE CORPORATION, AN ILLINOIS MUTUAL LEGAL RESERVE COMPANY OPERATING IN TEXAS AS BLUE CROSS AND BLUE SHIELD OF TEXAS ("Defendant") (collectively, the "Parties") agree that discovery in the above-captioned lawsuit ("Proceeding") shall be governed by the following provisions. For purposes of this Protective Order, the term "trial" as used herein shall refer to the final formal hearing of the Parties' claims and defenses before the Court. The terms of this Protective Order are as follows:

1. **Applicability**. This Protective Order is applicable to the Parties, any additional parties joined in this action, and any third parties required to respond to discovery in this matter or provide initial disclosures, for the sole purpose of facilitating discovery and disclosures in the Proceeding. Nothing in this Protective Order shall be construed to change, waive, or otherwise

limit the confidentiality restrictions placed on certain information by any contractual agreements or controlling law.

2. **Non-Waiver of Privilege.** The production of documents and information shall not constitute a waiver in this Proceeding, or any other litigation or matter, of any privilege (including, without limitation, the attorney-client privilege and the attorney work product privilege) applicable to the produced materials or for any other privileged or immune materials containing the same or similar subject matter. This Protective Order encompasses an Order under Federal Rule of Evidence 502(d) that any privilege that may have been raised in documents produced in this Proceeding is not waived as a result of disclosure of those documents in connection with this Proceeding, and this Protective Order governs all persons or entities in all state or federal proceedings, whether or not they were parties to this Proceeding. The fact of production of privileged information or documents by any producing Party in this Proceeding shall not be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding. Without limiting the foregoing, this Protective Order shall not affect the Parties' legal rights to assert privilege claims over documents in any other proceeding.

3. **Scope of Use.** The use and disclosure of all "Confidential" and "Confidential—Attorneys' Eyes Only" information (collectively "Confidential Material") produced or exchanged in the course of this Proceeding, including copies and duplications of such materials, shall be confined to what is reasonably necessary to prosecute and defend this Proceeding, including mediation, trial preparation, trial, and appeal, and for no other purpose whatsoever. Confidential Material shall not be disclosed to any person except in accordance with the terms of this Protective Order. Confidential Material shall not be used or disclosed by the receiving Party for any other

purposes, including any business, governmental, or commercial purpose, nor in connection with any other judicial or administrative proceeding.

4. **Designation of Information.** A Party may designate any documents, testimony, or other information furnished or disclosed to or by any other Party or its counsel (meaning legal counsel/attorney, throughout this Protective Order) during discovery, in disclosures, or in trial as "Confidential" or "Confidential—Attorney's Eyes Only" solely in the manner set forth in this Protective Order. In designating Confidential Material, a Party will make such designation only as to that information that it in good faith believes is confidential information. Confidential Material is only defined as information set forth and defined in Paragraphs 5, 6, 7, 9, 10, and 11, below. Information or material which is available to the public (not including the particular patients whose information is being disclosed), including catalogues, advertising materials, and the like, shall not be classified as Confidential Material. A pleading shall not be wholesale designated as "Confidential" or "Confidential—Attorney's Eyes Only," or filed under seal, because it contains Confidential Material. Rather, the filer of such pleading must file any such information deemed Confidential Material as an Exhibit, which may be filed under seal as described in Paragraph 10 herein. If such pleading references or otherwise discusses such Confidential Material in a manner that would reveal the content of information otherwise sought to be protected as Confidential Material, only that discussion of Confidential Material may be redacted from such pleading.

5. **HIPAA Information.** The Parties desire to ensure the privacy of patient/insured/member medical records, patient/insured/member claims information, and other information that the Parties have determined might contain sensitive personal information, including Protected Health Information, Individually Identifiable Information, and any other

protected information, as defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, and agree that any such information may be designated as "Confidential."

a. **Protected Health Information.** Protected Health Information, as used herein, shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, Protected Health Information includes, but is not limited to, health information, including demographic information, relating to: past, present, or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual, which identifies or reasonably could be expected to identify the individual. It also includes, but is not limited to: medical bills; claims forms; charges sheets; medical records; medical charts; test results; notes; dictation; invoices; itemized billing statements; remittance advice forms; explanation of benefits; checks; notices; and requests; and includes all notes, summaries, compilations, extracts, abstracts, or oral communications that are based on or derived from patient health information.

b. **Individually Identifiable Information.** Individually Identifiable Information, as used herein, means information referred to and identified in 45 C.F.R. § 164.514(b), including, but not limited to: name; address; names of relatives; name of employers; all elements of dates; telephone numbers; fax numbers; electronic mail addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; certificate/license numbers; Internet Protocol (IP) address numbers; biometric identifiers; full face photographic images; or any other unique identifying numbers, characteristic, or code of any patient.

c. **Covered Entities.** The Parties and their attorneys and any future parties and their attorneys in this Proceeding, and any "covered entities," as that term is defined in 45 C.F.R. § 160.103, are hereby authorized to receive, subpoena, disclose, and transmit Confidential Material to the extent of and subject to the conditions outlined herein.

6. **"Confidential" Designation.** A Party may only designate as "Confidential" any document or any portion of a document, and any other thing, material, testimony, or other information, that it reasonably and in good faith believes contains or reflects: (a) proprietary, business sensitive, or confidential information; (b) information that should otherwise be subject to confidential treatment pursuant to applicable federal and/or state law; or (c) Patient Health Information, Patient Identifying Information, or other HIPAA Information further defined in Paragraphs 5, 5a, and 5b above.

7. **"Confidential—Attorney's Eyes Only" Designation.** A Party may only designate as "Confidential—Attorney's Eyes Only" any document or portion of a document, and any other thing, material, testimony, or other information, including trade secrets, that it reasonably and in good faith believes is of such a commercially or competitively sensitive nature that disclosure to persons other than those specified herein in Paragraph 14 could reasonably be expected to result in injury to that Party.

8. **Time Period for Protection.** Except as otherwise provided below, any information, document, data, thing, deposition testimony, or interrogatory answer produced, given, or served pursuant to discovery requests in this Proceeding and designated by the producing Party as Confidential Material, or any information contained in or derived from any of the foregoing Confidential Material, shall be subject to the provisions of this Protective Order, including after the termination of this Proceeding, until further Order of this Court.

9. **Document Production and Exhibits.** Confidential Material shall be designated as "Confidential" or "Confidential—Attorney's Eyes Only" by including a legend of "Confidential" or "Confidential—Attorney's Eyes Only" on each page thereof as to which confidentiality is claimed. Any mark made to identify a document as "Confidential" or "Confidential—Attorney's Eyes Only" shall be made so as not to obscure any of the Confidential Material's content. With respect to any Confidential Material designated "Confidential" or "Confidential—Attorney's Eyes Only" that is not produced in paper form (such as flash drives, compact discs, DVDs, magnetic media, and other Confidential Material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing Party shall, to the extent practicable, produce such Confidential Material with a cover labeled "Confidential" or "Confidential—Attorney's Eyes Only" and shall inform all counsel in writing of the "Confidential" or "Confidential—Attorney's Eyes Only" designation of such Confidential Material at the time it is produced.

10. **Documents Generated During Suit.** All pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, paraphrase, summarize, or otherwise contain any information designated as "Confidential" or "Confidential—Attorney's Eyes Only" by a Party, if filed with the Court, shall be filed pursuant to the rules governing sealed documents, as set forth in the United States District Court for the Southern District of Texas' Administrative Procedures for Electronic Filing in Civil and Criminal Cases, Section 6 – Sealed Documents. Any courtesy copies served on the Court shall be filed in an envelope labeled with the caption of the suit, a description of the contents of the envelope, the words "Confidential" or "Confidential—Attorney's Eyes Only," and the following statement:

"THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE AGREED PROTECTIVE ORDER ENTERED BY THE PARTIES IN THIS LITIGATION, AND IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY THE COURT OR BY AGREEMENT OF THE PARTIES WHOSE CONFIDENTIAL INFORMATION IS CONTAINED WITHIN."

If any request to seal is made and not granted in whole or in part, the Confidential Material at issue shall be filed in whatever manner the Court directs.

**11. Depositions.** Any Party may designate a deposition or portion thereof as "Confidential" or "Confidential—Attorney's Eyes Only" by making such designation on the record during the deposition or by denominating by page and line those portions of the deposition which are to be considered "Confidential" or "Confidential—Attorney's Eyes Only" within thirty (30) business days of receiving the transcript and exhibits and so informing all other Parties of such designation. Until the 30-day period to designate deposition testimony as "Confidential" or "Confidential—Attorney's Eyes Only" has passed, the deposition transcript shall be treated as "Confidential—Attorney's Eyes Only." Notwithstanding the above, persons attending depositions by agreement of the Parties must leave the room before any discussion of any Confidential Material, unless the person is entitled to review the Confidential Material under the applicable provisions of Paragraphs 13 and 14 of this Protective Order.

**12. Restrictions on Use of Confidential Material.** Except as agreed to by the designating Party or its counsel or as otherwise provided herein, information designated as "Confidential" or "Confidential—Attorney's Eyes Only":

(a) Shall be maintained in confidence by the counsel to which it is furnished, in accordance with the terms of this Protective Order;

(b) May be disclosed by such counsel only to authorized persons entitled to access thereto under Paragraphs 13 and 14 below;

(c) May be used by such counsel and the authorized person to whom it is disclosed only for the purposes permitted under Paragraph 3 above and for no other purpose; and

(d) May be photocopied or reproduced only as reasonably necessary for this Proceeding.

Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Party designating the information as "Confidential" or "Confidential—Attorney's Eyes Only" consents in writing to such disclosure, or if the Court, after notice to all affected Parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing Confidential Material information in the examination or cross-examination of any person who is identified or indicated on the documents as being an author, source, or recipient of the Confidential Material, or the designated representative of any Party who testifies on a subject matter that includes Confidential Material, irrespective of which Party produced such information.

13. **Authorized Users of "Confidential" Materials.** Except as agreed to by the designating Party or its counsel or as otherwise provided herein, materials designated as "Confidential" subject to this Protective Order, or extracts or summaries therefrom, shall not be given or shown to any person except the following:

(a) In-house counsel and outside counsel of record for any Party engaged in the litigation of this Proceeding and the regular employees of such outside counsel to whom it is necessary that the material be shown for purposes of this Proceeding;

(b) Any individual Party and employees of a corporate Party actively engaged in assisting that Party's counsel in the litigation of this Proceeding, to the extent reasonably

8

necessary to enable the counsel for that Party to render professional services in this Proceeding;

(c) Persons not owners, officers, directors, managers, shareholders, or employees of any Party who are expressly retained to assist such Party's counsel ("Retaining Counsel") in the preparation of this Proceeding for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), after such Outside Expert has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit A;

(d) Any Party's outside copy/document preparation service, which includes any e-discovery consultants and trial consultants;

(e) Any mediator, or any professional requested by counsel of record for the Parties to furnish dispute resolution services;

(f) The Court, other court officials (including court reporters) and the trier of fact, pursuant to a sealing order;

(g) Any person who was involved directly in the preparation of the document or information;

(h) Stenographic reporters not regularly employed by the Court who are engaged in such proceedings as are necessarily incident to the conduct of this Proceeding;

(i) Lay witnesses or prospective lay witnesses whom counsel of record reasonably believes will be called as a witness at the trial or a Court evidentiary hearing, or whose deposition has been noticed, to the extent reasonably necessary to prepare for or provide trial, hearing, or deposition testimony; but only if (i) such individuals have first

signed and delivered to counsel for the Parties a statement in the form annexed hereto as Exhibit A; (ii) they are not allowed to keep copies of such documents or information; and (iii) counsel of record retains direct control of such Confidential Information at all times;

(j) Any other person who subsequently is designated by (i) written agreement of all the Parties after a request by one of them, or (ii) by order of the Court upon motion by a Party, after notice to all the Parties.

No person allowed to view materials designated as "Confidential" shall use any such materials for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties in this Proceeding, and each person shall make the best efforts necessary to protect the confidentiality of the material.

**14. Authorized Users of "Confidential—Attorney's Eyes Only" Material.** Except as agreed to by the designating Party or its counsel or as otherwise provided herein, materials designated as "Confidential—Attorney's Eyes Only" subject to this Protective Order, or extracts or summaries therefrom, shall not be given or shown to any person except the following:

(a) In-house counsel and outside counsel of record for any Party engaged in the litigation of this Proceeding and the regular employees of such outside counsel to whom it is necessary that the material be shown for purposes of this Proceeding;

(b) Those persons listed in Paragraphs 13(c), (d), (e), (f), (g), (h), and (j) above.

No person allowed to view materials designated as "Confidential—Attorney's Eyes Only" shall use any such materials for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties in this Proceeding, and each person shall make the best efforts necessary to protect the confidentiality of the material.

15. **Disclosure to Unauthorized Persons.** If counsel wishes to disclose Confidential Material to any person not designated in Paragraphs 13 or 14 above, they must proceed in the following manner: the names of the persons to whom the Confidential Material is to be disclosed and a description of the Confidential Material to be disclosed to such persons shall be provided in writing to counsel for the producing Party fourteen (14) days in advance of disclosure to afford counsel an opportunity to object to disclosure. If no objection is made within the 14-day period, disclosure to such named persons may be made after the expiration of such 14-day period. If an objection is made within the 14-day period, the Party proposing the disclosure must seek an Order from the Court to allow the proposed disclosure and such Confidential Material shall not be disclosed pending a decision by the Court on such motion. Any person who becomes authorized to receive Confidential Material pursuant to this Paragraph (whether such authorization arises from the lack of an objection or from the Court's ruling on a motion for disclosure) shall, unless the Court directs otherwise, prior to the receipt of Confidential Material, execute and deliver to counsel for the Parties a statement in the form annexed hereto as Exhibit A. Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Protective Order.

16. **Subpoena or Other Demand for Production.** If a Party or its counsel receives a discovery request, subpoena, or order of any court or other tribunal in another case or proceeding for materials designated by another Party as "Confidential" or "Confidential—Attorney's Eyes Only," the Party receiving the request for such materials shall: (a) within a reasonable time, no later than ten (10) days after counsel's receipt of such request or demand and prior to responding to the request or demand, notify counsel for the Party whose material is sought, in writing and by providing a copy of the request or demand; (b) provide a reasonable time for the Party whose

material is sought to seek to protect its material from disclosure prior to producing or disclosing the requested material; and (c) provided that the Party whose material is sought makes a timely motion or other application for relief from the request or demand in the appropriate forum, shall not produce or disclose the requested material without written consent of the Party whose material is sought or until ordered by a court of competent jurisdiction to do so.

17. **Challenging Designation.** If any Party reasonably and in good faith believes that any Confidential Material has been misclassified under this Protective Order, is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Protective Order, that Party must notify the producing Party in writing and provide a description of the Confidential Material which the objecting Party believes should be freed from the constraints of this Protective Order, and serve copies of such notice to lead counsel for all other Parties herein. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within twenty (20) days from the date of service of the written objection, the objecting Party must make a motion to the Court seeking to remove the confidentiality designation from the Confidential Material at issue. The Party asserting the "Confidential" or "Confidential—Attorney's Eyes Only" designation shall have the burden of showing why such information is entitled to confidential treatment. The protection afforded by the Protective Order shall continue until the Court makes a decision on the motion. Failure of the objecting Party to file a motion within the 20-day period shall be deemed a waiver of that Party's objection to the designation as confidential of the Confidential Material at issue.

18. **Use of Confidential Material at Trial.** In the event that any material designated as "Confidential" or "Confidential—Attorney's Eyes Only" is used at trial, pre-trial conference, or in any hearing in this Proceeding, it shall not lose its confidential status through such use, and

the Party using such material shall take all reasonable steps to maintain its confidentiality during such use, including without limitation, requesting that the Court seal any transcript with respect to such trial, pre-trial conference, or hearing. At least thirty (30) days prior to the trial of this Proceeding, the Parties shall confer, and if necessary, submit any motions to the Court to vary any terms of this Protective Order with respect to use or treatment at trial of material designated as "Confidential" or "Confidential—Attorney's Eyes Only."

19. **No Waiver.** This Protective Order shall not be deemed a waiver of:

(a) Any Party's right to object to any discovery requests on any ground;

(b) Any Party's right to seek an order compelling discovery with respect to any discovery request;

(c) Any Party's right to object to the admission of any evidence on any ground;

(d) Any Party's right to review and use its own documents and its own "Confidential" or "Confidential—Attorney's Eyes Only" material in its sole and complete discretion; or

(e) The status of any material as a trade secret, as defined by law.

20. **Retroactive Designation and Inadvertent Disclosure.** Documents previously produced shall be retroactively designated by notice in writing of the designated confidentiality class of each document (including, if possible, by Bates number). The inadvertent or unintentional designation or production of documents containing, or other disclosure of, confidential information without being designated as "Confidential" or "Confidential—Attorney's Eyes Only" at the time of designation, production, or disclosure shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or secrecy, either as to the specific information or as to any other information relating thereto or on the same or related subject matter. Any inadvertent designation

or disclosure shall be corrected as soon as reasonably possible after the designating Party becomes aware of the error.

21. **Claw Back of Privileged & Protected Materials.** A producing party may assert privilege or protection over produced Information at any time by notifying the receiving party(ies) in writing of the assertion of privilege or protection, except that:

(a) Affirmative use of Information by the producing party in the case waives privilege and protection with respect to it, and of other ESI and documents to the extent provided by Fed. R. Evid., Rule 502(a); and

(b) Upon use in the case by another of Information that was produced by a party, that producing party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

22. Disputing Claims of Privilege/Protection Over Produced Documents. Upon receipt of notice of the assertion of privilege or protection over produced information, the receiving party shall:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and maintain the contested Information in confidence pending resolution of the contest by the Court; and

(b) to whatever extent the receiving party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party that it has returned or destroyed the applicable Information, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

In the event of a contested assertion of privilege or protection over produced information that cannot be resolved amicably after meeting and conferring in good faith, either party may bring the contest to the attention of the Court by motion.

23. **Re-production of Electronic Media Containing Clawed-Back Material.** Where the Parties agree, or the Court orders, the claw back of material protected by the attorney-client, work product, or other privilege, and such material was originally produced in electronic format on media containing production materials, the producing Party shall promptly provide replacement production media, omitting the privileged material, to the receiving Party, and the original media and data shall be returned or destroyed.

24. **Identification of Inadvertently Disclosed Privileged Material by the Receiving Party.** Nothing in this Protective Order shall relieve counsel for any receiving Party of any existing duty or obligation to return any privileged or work product materials without being requested by the producing Party to do so. Rather, in the event a receiving Party becomes aware that it is in possession of what appears to be inadvertently produced privileged material, then the receiving Party shall immediately: (i) cease any further review of that material; and (ii) notify the producing Party of the apparent inadvertent production, requesting whether the producing Party intended for the material to be produced. In the event the producing Party confirms the inadvertent production of the privileged material, the receiving Party shall: (i) take reasonable steps to retrieve the privileged material from any persons to whom it disclosed or distributed such material; and (ii) promptly return or certify destruction of the privileged material, including all copies. For purposes of this provision, return or certification of destruction of the material shall be considered prompt if it occurs within seven (7) days of notification.

25. **Responsibility of Counsel.** Counsel for the Parties to whom "Confidential" or "Confidential—Attorney's Eyes Only" material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining the statement attached hereto as Exhibit A as and when required under the provisions of this Protective Order.

26. **Modification or Amendment of Agreed Order.** This Protective Order may be modified or amended either by written agreement of the Parties or by order of the Court upon good cause shown. No oral waivers of the terms of this Protective Order shall be permitted between the Parties. Nothing herein shall prevent the Court from *sua sponte* altering the provisions of this Protective Order.

27. **Conclusion of Proceeding.** The provisions of this Protective Order shall continue in effect with respect to any material designated as "Confidential" or "Confidential—Attorney's Eyes Only" until expressly released by the producing Party of such material, and such effectiveness shall survive the final determination of this action. Within sixty (60) days of the final determination of this action, each receiving party shall make reasonable efforts to return or destroy all Confidential Material, including all copies, derivations, and summaries thereof, and shall provide the producing party with a written certification provided to the disclosing party. This Paragraph includes the return or destruction or deletion of documents provided to any authorized person, including outside experts. However, counsel of record are permitted to retain a copy of all pleadings and attorney work product, which work product may contain "Confidential" or "Confidential—Attorney's Eyes Only" material. For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of: (i) full settlement of all claims asserted in this Proceeding; (ii) final judgment herein after the completion and exhaustion of all

appeals, rehearings, remands, trials and reviews, if any, of this Proceeding; or (iii) the expiration of all time limits under federal law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this Proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. This Court retains and shall have continuing jurisdiction over the Parties and recipients of Confidential Material for enforcement of the provisions of this Protective Order following termination of this Proceeding.

SO ORDERED this 16th day of January, 2019.

**BY THE COURT:**

_____
HONORABLE JUDGE PRESIDING

# EXHIBIT A - AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1. I am familiar with and agree to be bound by the terms of the Confidentiality Stipulation and Agreed F.R.E. 502(d) Protective Order in Case No.: 3:18-cv-00193, *Louise Hayes Odum v. Blue Cross Blue Shield of Texas, Inc.* pending in the United States District Court for the Southern District of Texas.

2. I will only make such copies of or notes concerning documents designated "Confidential" or "Confidential—Attorney's Eyes Only" as are necessary to enable me to render the assistance required in connection with this litigation, and, all such notes and copies shall be preserved in a separate file maintained as "Confidential" and marked for disposal or destruction upon completion of this litigation. Upon the final determination of this action, I shall promptly destroy all "Confidential" or "Confidential—Attorney's Eyes Only" materials provided to me as well as any notes or derivations thereof.

3. I will not intentionally reveal the contents of "Confidential" or "Confidential—Attorney's Eyes Only" material to any unauthorized person. I will not intentionally use "Confidential" or "Confidential—Attorney's Eyes Only" material for any purpose other than the prosecution or defense of claims in this action.

4. I consent to the jurisdiction of the United States District Court for the Southern District of Texas (without any time limit) for the purpose of enforcing the Protective Order.

DATED this _____ day of _____, 20____.

BY: _____
       (Signature)


_____
(Printed Name)