# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:18-cv-00193

LOUISE ODOM HAYES, PLAINTIFF,

v.

BLUE CROSS AND BLUE SHIELD OF TEXAS, INC. AND HEALTH CARE SERVICE CORPORATION, DEFENDANTS.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Plaintiff Louise Hayes-Odum[1] sued her former health-insurance carrier, Blue Cross and Blue Shield of Texas, Inc., in state court in Brazoria County. Dkt. 1. In her lawsuit, Hayes-Odum contends Blue Cross breached its policy by failing to pay for Lumigan eye drops in a sufficient amount to prevent deterioration of her vision. The case was removed to this court, Dkt. 1, and Hayes-Odum filed an amended complaint, Dkt. 14.

The court has jurisdiction over this dispute because there is complete diversity of the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 (establishing diversity jurisdiction); *Coghlan v. Blue Cross Blue Shield of Texas*,

---

[1] The plaintiff was incorrectly named as Louise Odom Hayes in her original petition. Dkt. 14.

1

No. CIV.A. H-12-2703, 2013 WL 150711, at *2–3 (S.D. Tex. Jan. 14, 2013) (holding Blue Cross is an unincorporated division of Health Care Service Corporation, a citizen of Illinois for diversity purposes); Dkt. 14 at ¶¶13, 18–19 (Hayes-Odum seeks damages totaling $6,500,000).

Blue Cross moved for summary judgment, arguing that the evidence shows its determination of benefits was consistent with its contractual obligations to Hayes-Odum. Dkt. 49. Blue Cross further argues Hayes-Odum cannot prove causation because she has no expert medical testimony to prove insufficient Lumigan eye drops caused the deterioration of her vision. *Id.* In her response to the motion, Hayes-Odum objects to Blue Cross's summary-judgment evidence as lacking authenticity. Dkt. 54. Additionally, she argues Blue Cross breached its obligations to her by covering an amount of Lumigan eye drops that was less than the industry standard and less than her prescription. *Id.* She also argues her testimony and medical records are sufficient to prove causation. *Id.* Blue Cross filed a reply to Hayes-Odum's response. Dkt. 56.

Based on the pleadings; the motion, response, and reply; the record; and the applicable law, the court will grant Blue Cross's motion for summary judgment.

**I.**

The court must decide whether Blue Cross is entitled to summary judgment on Hayes-Odum's breach-of-contract cause of action. The elements of breach of contract under Texas law are: "(1) the existence of a valid contract; (2) performance

or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Crose v. Humana Ins. Co.*, 823 F.3d 344, 347 (5th Cir. 2016). Blue Cross argues summary judgment is proper because no evidence in the record raises a genuine issue of material fact on two requisite elements: breach and causation.

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (citation omitted). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of

evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Nola Spice*, 783 F.3d at 536 (internal quotation marks and citation omitted); *see also Celotex*, 477 U.S. at 325.

"If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). When the moving party has met its Rule 56(a) burden, the nonmoving party cannot survive a summary-judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and explain how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little*, 37 F.3d at 1075).

In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008). But "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes

of the motion." Fed. R. Civ. P. 56(e)(2).

## II.

### A. Evidentiary Issues

Hayes-Odum argues that Blue Cross cannot prevail on its motion because it relies on the following improper summary-judgment evidence: (1) allegations in the pleadings and (2) exhibits that are "unauthenticated photocopies." Dkt. 54 at 2, 5. Hayes-Odum argues Blue Cross has failed to prove the authenticity of its exhibits because they are not appended to an affidavit stating they are true and correct copies. *Id.* at 2. Accordingly, Hayes-Odum has requested that the court strike any portion of Blue Cross' motion that relies on the exhibits or on allegations in the pleadings. *Id.*

While unverified allegations in pleadings generally are not summary-judgment proof, a party moving for summary judgment can cite the non-movant's pleadings to describe the basis for its motion. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996); *Isquith for & on Behalf of Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 194–95 (5th Cir. 1988) (treating factual allegations in plaintiff's complaint as admissions for purposes of considering defendants' motion for summary judgment). In this instance, the court has been sure to give any references to the pleadings in either Blue Cross's or Hayes-Odum's briefing the proper evidentiary weight—no more and no less.

Furthermore, Blue Cross has not relied on allegations in the pleadings for

summary-judgment proof. To supports its argument that no genuine issue of material fact exists on breach and causation, Blue Cross submitted the following exhibits: (1) its expert's report (Dkt. 50); (2) Hayes-Odum's responses and supplemental responses to Blue Cross's interrogatories (Dkt. 49-2 and 49-3); (3) a portion of Hayes-Odum's deposition transcript (Dkt. 50-1); (4) correspondence from Hayes-Odum to Blue Cross (Dkt. 49-5); (5) a declaration from Blue Cross's employee, Phillip Yoo, (the "Yoo Declaration") with several of Blue Cross's corporate documents attached (Dkt. 49-6); (6) a portion of Hayes-Odum's treating physician's deposition transcript (Dkt. 50-2); and (7) correspondence from Hayes-Odum to the court (Dkt. 49-8).

Hayes-Odum's second evidentiary argument is a blanket objection to the authenticity of all of Blue Cross's exhibits. But her cursory objection fails to specifically explain why any of Blue Cross's exhibits "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); *Flores v. Harris*, No. CV H-17-3817, 2019 WL 3216581, at *3 (S.D. Tex. July 17, 2019) (denying objections to summary-judgment evidence as too conclusory); *Hoffman v. Bailey*, 257 F. Supp. 3d 801, 824 (E.D. La. 2017) ("It is not the Court's responsibility to comb through the record to determine the basis for [a party's] cursory objections or to make arguments on [a party's] behalf."). The court overrules Hayes-Odum's evidentiary objections.

**B. Breach**

Blue Cross argues there is no genuine dispute of material fact that its determination of Hayes-Odum's benefits for Lumigan eye drops was consistent with its contractual obligations to her. In 2014, Hayes-Odum was covered under Blue Cross's Select Choice Preferred Provider Organization plan, specifically policy number 000174/893667371 (hereinafter, the "policy"). Yoo Declaration at ¶3. Attached to the Yoo Declaration as part of its summary-judgment proof, Blue Cross has submitted the policy's benefit booklet (Dkt. 49-6 at 7) as well as Blue Cross's drug-dispensing limits (Dkt. 49-6 at 75) for 2014.

   1. *The Policy*

According to the policy's benefit booklet, Blue Cross has the right to determine the day-supply limit for covered drugs, and benefits will be denied for drugs dispensed above the maximum day-supply limit. Dkt. 49-6 at 28. Blue Cross publishes the dispensing limits that apply to all its insurance policies. Yoo Declaration at ¶6; Dkt. 49-6 at 75. The published dispensing limit for Lumigan in 2014 was 2.5 milliliters for every 30 days. Yoo Declaration at ¶9; Dkt. 49-6 at 92, 122. If an insured's doctor prescribes a greater quantity of medication than provided for in the dispensing limits, the insured is responsible for the full cost beyond what the dispensing-limit coverage allows. Dkt. 49-6 at 86, 98. In 2014, Blue Cross's pharmacy system was set up to allow a maximum of 7.5 milliliters for 90 days for a maintenance medication such as Lumigan, consistent with the

published dispensing limit. Yoo Declaration at ¶9; Dkt. 49-6 at 28 (allowing "[u]p to a 90-day supply" for maintenance drugs ordered through the mail-order pharmacy).

### 2. *FDA and manufacturer guidance*

Blue Cross based its Lumigan dispensing limit on guidance from the Food and Drug Administration ("FDA") and from Allergan, the drug's manufacturer. Yoo Declaration at ¶¶7–9. The FDA's recommended dosage for Lumigan is one drop in each affected eye once daily in the evening. Yoo Declaration at ¶7; Dkt. 49-6 at 111–12. More frequent administration of Lumigan is not recommended. *Id.* at 112. According to Allergan, Lumigan dispenses approximately 30 drops per milliliter. Yoo Declaration at ¶8; Dkt. 49-6 at 120. Therefore, there are 75 drops in a 2.5-milliliter bottle and 225 drops in a 7.5-milliliter bottle of Lumigan. *Id.* at 120–21. In light of this guidance, Blue Cross set its dispensing limit for Lumigan at 2.5 milliliters for 30 days, providing 75 drops (more than one drop per eye per day) for the time period. Yoo Declaration at ¶9.

### 3. *Plaintiff's covered Lumigan benefits*

The amount of Lumigan that Blue Cross approved as a covered benefit for Hayes-Odum was consistent with the policy. On March 18, 2014, Blue Cross approved Hayes-Odum's first 2014 claim for Lumigan as a covered benefit. Yoo Declaration at ¶¶10–11. At that time, Blue Cross allowed 5 milliliters of Lumigan, less than the dispensing limit of 7.5 milliliters for 90 days. *Id.* In other words,

Hayes-Odum was eligible for another 2.5 milliliter of Lumigan for the 90-day period from March 18 to June 16. *Id.* On May 5, 2014, Blue Cross covered 2.5 milliliters of Lumigan, reaching the dispensing limit for the 90-day period ending June 16. *Id.* For the next two 90-day periods—June 16 to September 14 and September 14 to December 13—Blue Cross covered up to the dispensing limit for Lumigan in several 2.5-milliliter doses: Plaintiff was dispensed 2.5 milliliters of Lumigan on the following dates for the remainder of 2014—June 8, July 15, August 23, September 26, November 2 and December 6. *Id.*

If an insured's provider wants Blue Cross to cover more medication than the dispensing limit, Blue Cross allows the provider to submit a Quantity Exception Request to Blue Cross for consideration. Yoo Declaration at ¶12. Blue Cross received no calls from Hayes-Odum related to her Lumigan dosing and received no Quantity Exception Request from either Hayes-Odum or her provider. *Id.* at ¶13. As a result, it had no basis or opportunity to consider whether Hayes-Odum should receive Lumigan at quantities in excess of the dispensing limitation. *Id.*

### 4. *No genuine dispute of material fact on breach*

Blue Cross has met its summary judgment burden to show no genuine dispute on breach. By covering 7.5 milliliters of Lumigan for each 90-day period, Blue Cross complied with the policy. *Pena v. Assocs. Fin. Life Ins. Co.*, 77 F. App'x 259, 260 (5th Cir. 2003) (affirming summary judgment where policy language was unambiguous).

Hayes-Odum contends Blue Cross breached the policy because (1) her doctor prescribed 5 milliliters of Lumigan—an amount she says is "universally accepted" under "pharmaceutical industry standards"—and (2) her new insurance carrier covers 5 milliliters of Lumigan. Dkt. 54 at 3–4. Hayes-Odum does not cite to any proof in the summary-judgment record to support her allegations or explain how her allegations constitute a breach of the policy's terms. Hayes-Odum cannot survive summary judgment by resting on mere conclusory allegations and ignoring the policy's express language; she must set forth specific facts supported by evidence showing the existence of a genuine dispute on whether Blue Cross breached the policy. *See Gonzales v. AutoZone, Inc.*, No. CIV.A. H-09-4054, 2010 WL 4102273, at *3–4 (S.D. Tex. Oct. 18, 2010) (granting summary judgment for defendant when plaintiff did not make a coverage argument based on the contract's terms); *Baranowski*, 486 F.3d at 123 (holding plaintiff who failed to provide anything more than "bald and unsubstantiated allegations" in response to a summary-judgment motion could not succeed); *Allen v. Jackson Cty., Miss.*, 623 F. App'x 161, 162 (5th Cir. 2015) ("failure to cite record evidence . . . demonstrates that summary judgment was proper").

Therefore, Blue Cross's uncontroverted evidence is sufficient to establish there is no genuine factual dispute as to whether Blue Cross breached the policy. Summary judgment is proper on this element alone.

### C. Causation

Hayes-Odum alleges insufficient Lumigan caused her eyesight to diminish. Dkt. 54 at 6–7. As her causation evidence, she points only to her own testimony and her medical records. *Id.* She argues her lay testimony about the "obvious declination of her eyesight" along with her medical records (which are not in the court's record) showing her declining vision is sufficient evidence to survive summary judgment. *Id.* Hayes-Odum's references to her testimony and the medical records are not supported by competent summary-judgment proof. Indeed, the only evidence concerning causation in the summary-judgment record is Blue Cross's expert report. Dkt. 50. For this reason alone, Hayes-Odum cannot survive summary judgment on causation. *See Baranowski*, 486 F.3d at 123; *Allen*, 623 F. App'x at 162.

In any event, issues that are medically complicated require expert testimony on causation. *Renfro v. Hartford Underwriters Ins. Co.*, No. CIV. 3:06-CV-2052K, 2007 WL 2446281, at *2 (N.D. Tex. Aug. 29, 2007). Evidence in the record establishes that the nature of Hayes-Odum's vision issues is medically complicated. Dkt. 50-2; Dkt. 50. Accordingly, expert medical testimony is required to establish what caused her eyesight to diminish. *See Renfro*, 2007 WL 2446281, at *2 (holding expert testimony is required for medically complicated issues). Hayes-Odum has pointed to no expert medical testimony to support causation.

As Hayes-Odum is unable to raise a genuine issue of material fact on the issue

of medical causation, summary judgment is appropriate for this reason as well.

* * *

Blue Cross has established through its summary-judgment evidence that Hayes-Odum cannot satisfy the breach element of a breach-of-contract cause of action. Additionally, no competent proof in the record establishes that Hayes-Odum's injuries were caused by insufficient Lumigan eye drops.

Accordingly, the court grants Blue Cross's motion for summary judgment. Dkt. 49.

SIGNED on Galveston Island on this, the 4th day of March, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE